**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHAUNDEL CALDWELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-531-SRW |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file.  For the reasons explained below, petitioner Shaundel Caldwell's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus will be dismissed for lack of subject matter jurisdiction.

**Background**

The background of this case is fully set forth in the order entered in this matter on May 27, 2022, but the Court recites the essential facts here.  Petitioner is a Tennessee state inmate. According to records publicly available from the Tennessee Department of Corrections, petitioner is in custody under sentences that were imposed by the Tennessee State Court in 2020 and 2021, after he was convicted of drug offenses and aggravated assault.[1]  In the instant petition, however, petitioner challenges his 2006 convictions and sentences for statutory sodomy and criminal non-support entered in the Circuit Court of New Madrid County, Missouri.

Independent review of records publicly available on Missouri Case.net shows that on April 28, 2006, petitioner pleaded guilty to statutory sodomy and criminal non-support, and was

---

[1] https://foil.app.tn.gov/foil/ (last visited July 6, 2022).

sentenced to serve four years' imprisonment.  *See State of Missouri v. Caldwell,* Nos. 05F2-CR00581-02 and 05F2-CR00582-02 (34th Jud. Cir. 2005). The execution of sentence was suspended, and petitioner was placed on probation.  On November 14, 2006, however, his probation was revoked and the four-year prison sentence was executed.  Petitioner does not aver, nor does it appear, that he sought direct or collateral review in the Missouri State courts.  In the petition, petitioner alleged nothing that would permit the conclusion that he was "in custody" under the challenged convictions or sentences at the time he filed the petition.

This Court takes judicial notice of the foregoing public state records from Tennessee and Missouri.  *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records.").

Upon review of the petition, the Honorable Stephen R. Welby determined that it appeared this Court lacked jurisdiction over the petition because petitioner failed to show he was "in custody" under a conviction or sentence challenged therein.  On May 27, 2022, Judge Welby entered an order directing petitioner to show cause why the petition should not be dismissed. Petitioner's response was due on June 27, 2022.

On July 5, 2022, petitioner filed an untimely response in which he references the Missouri State criminal cases noted above, and asks this Court to grant him habeas relief because "1) my rights were violated under due process 2) ineffective counsel due to my lawyer's poor representation . . .".  (ECF No. 7 at 1).  Petitioner contends he became aware of mistakes made by his attorney, including failure to subpoena a particular person.  He states that the prosecutor withheld favorable evidence and the government engaged in misconduct, and he states he pleaded guilty to a crime he did not commit.  He avers he suffers from emotional problems and has been

unable to seek employment, and has been seeking information about how to appeal. He writes: "I am asking for relief my case being reviewed, and this is why I'm asking that my case should not be dismissed and me being exonerated." *Id.* at 2.  The response contains nothing permitting the conclusion that petitioner is "in custody" under a conviction or sentence that he attacks in the petition.

### Discussion

The federal habeas statute gives this Court jurisdiction to entertain petitions for habeas relief only from those who are "in custody" in violation of the Constitution or laws of the United States.  *See* 28 U.S.C. § 2254(a).  The Supreme Court has interpreted the statutory language as requiring the petitioner to be in custody under the conviction or sentence under attack at the time his petition is filed.  *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (citation omitted).  The "in custody" requirement is a jurisdictional requirement.  *Id.* at 490.  If a habeas petitioner does not satisfy the "in custody" requirement, the petition must be summarily dismissed for lack of subject matter jurisdiction.  *Charlton v. Morris*, 53 F.3d 929, 929 (8th Cir. 1995).

In this case, petitioner's petition and his July 5, 2022 response set forth reasons why petitioner believes he is entitled to habeas relief, but they contain nothing permitting the conclusion that petitioner satisfies the "in custody" requirement.  The Court must therefore dismiss the petition for lack of subject matter jurisdiction.

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v.*

*Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because petitioner has made no such showing, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Shaundel Caldwell's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED** for lack of subject matter jurisdiction. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 7th day of July, 2022.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE